# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**ZORRI N. RUSH**                                                                                          **PLAINTIFF**

**V.**                                                                                        **NO. 1:18-CV-195-DMB-RP**

**MISSISSIPPI REGIONAL HOUSING**
**AUTHORITY IV, et al.**                                                                             **DEFENDANTS**

## ORDER ON REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Roy Percy. Doc. #9.

## I
## Procedural History

On November 5, 2018, Zorri N. Rush filed a complaint in the United States District Court for the Northern District of Mississippi against Mississippi Regional Housing Authority IV, Gwendolyn King, and Brian Powers, alleging a conspiracy to interfere with civil rights under federal law. Doc. #1 at 2. The same day, Rush filed a motion to proceed in forma pauperis. Doc. #2. On November 16, 2018, Rush filed a "Complaint Amendment" requesting that summons issue and that the defendants turn over discovery. Doc. #5.

On December 21, 2018, United States Magistrate Judge Roy Percy issued a Report and Recommendation recommending that this case be dismissed for lack of subject matter jurisdiction and that Rush's application to proceed in forma pauperis be denied as moot. Doc. #9 at 3. Five days later, Rush filed a "Motion for Relief" in which he, among other things (1) reiterated the requests in his "Complaint Amendment;" (2) objected to the Report and Recommendation based on assertions that Judge Percy has "proven [his] bias" and "is party to a judicial misconduct complaint that arises from the same material evidence found in current recommendations;" (3)

objected to the Report and Recommendation based on assertions that Judge Percy's denial of his application to proceed in forma pauperis contradicts rulings made in the other cases Rush filed in this district; (4) objected that evidence in his "previously dismissed case against the defendants is clear and convincing evidence of fraud and is an answer to the allegations that this case amounts to 'mere allegations' as cited in the report from Magistrate Percy;" and (5) "concede[d] a lack of clear understanding of subject matter jurisdiction … as a basis for requesting pro/bono assistance." Doc. #10 at 1–2.

## II
## Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F.Supp.3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

## III
## Analysis

### A. Subject Matter Jurisdiction

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Under *Bell v. Hood*,

> [i]n federal question cases ... where the complaint is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions[,] must entertain the suit. The two exceptions are where the federal question clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.

*Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 341 (5th Cir. 1977) (internal alterations, quotation marks, and citations omitted) (quoting *Bell*, 327 U.S. 678, 681–82 (1946)). The Fifth

Circuit has interpreted this rule as applying "only where the plaintiff's claim has no plausible foundation or is clearly foreclosed by a prior Supreme Court decision." *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981) (internal quotation marks omitted). In assessing a claim's substantiality, a court must ask "whether there is any legal substance to the position the plaintiff is presenting." *Southpark Square Ltd.*, 565 F.2d at 342. If a claim satisfies this two-part test, it is said to be "non-frivolous" and jurisdiction attaches.[1] This test "is a rigorous one and if there is any foundation of plausibility to the claim federal jurisdiction exists." *Id*. at 342–43.

Regarding subject matter jurisdiction, the Report and Recommendation concluded:

In the case at hand, both the federal question identified by plaintiff and the vague facts asserted by plaintiff in his Complaint are insufficient to establish jurisdiction in the United States District Court for the Northern District of Mississippi. Simply put, citing "42 U.S.C. § 1985–Conspiracy to interfere with civil rights established subject matter jurisdiction under 28 U.S. Code § 1343–Civil rights and elective franchise on the basis of a Federal Question", is insufficient to establish jurisdiction and it is unclear whether plaintiff's claim relating to his housing would fall under these statutes even if facts were more thoroughly pled.

Doc. #9 at 3. However, under the rigorous substantiality test, Rush's claim does not lack a plausible foundation and is not clearly foreclosed by a prior Supreme Court decision.

In his complaint, Rush alleges the defendants "den[ied] due process to applicants requesting hearings" and "fail[ed] to adequately investigate claims of wrongdoing that escalate to management." Doc. #1 at 2. Given this, the Court believes Rush's claim could be broadly

---

[1] While "frivolous" appears in the two-part test, the use of "non-frivolous" has become shorthand for a jurisdiction-conferring claim. *See Broussard v. U.S. Postal Serv.*, 674 F.2d 1103, 1113 n. 7 (5th Cir. 1982) ("Because Broussard's claim against the individual defendants is nonfrivolous and it 'arises under' the federal constitution, the district court technically erred by dismissing ... for lack of jurisdiction ...."); *see also City of Colton v. Am. Promotional Events, Inc.-West*, 614 F.3d 998, 1006 (9th Cir. 2010) ("Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits."); *Quinn v. Gates*, 575 F.3d 651, 655 (7th Cir. 2009) ("Any non-frivolous claim arising under federal law supplies jurisdiction."). The Court uses the term "non-frivolous" to refer to a claim that passes the Fifth Circuit's two-part jurisdiction test.

construed as a Section 1983 claim asserting due process violations against a state actor such that the Court has federal question subject matter jurisdiction.

At the same time, the Court agrees with the Report and Recommendation to the extent it concludes that Rush's complaint is deficient because it contains threadbare, conclusory allegations. *See Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (affirming district court's dismissal of conclusory conspiracy allegation for failure to state a claim—not for want of subject matter jurisdiction). "[A] district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (internal quotation marks omitted). "Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Id*. Rush will be allowed the opportunity to amend his complaint to avoid its dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). To this end, the recommendation that this case be dismissed for lack of subject matter jurisdiction will be rejected. If Rush fails to amend his complaint within the time allowed, his case will be dismissed without further notice.

### B. Motion to Proceed in Forma Pauperis

The Report and Recommendation recommends denying Rush's motion to proceed in forma pauperis as moot because the Court lacks subject matter jurisdiction. Doc. #9 at 1. As discussed above, the Court will reject the recommendation to dismiss for lack of jurisdiction. However, the Report and Recommendation explains that Rush's motion to proceed in forma pauperis was not prepared using the proper form "identified by the court in all of [his] previous cases" and that "his motion does not contain any heading identifying it as a Motion to Proceed *in Forma Pauperis* or any language in the body of the document specifically requesting this relief." *Id*. "There is no

4

absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Powell v. Gov. Fed. Reserve of N.Y.*, No. 3:13-cv-855, 2014 WL 1883672, at *1 (S.D. Miss. May 12, 2014). The Court agrees with the Report and Recommendation to the extent it concludes Rush's motion to proceed in forma pauperis should be denied.

## IV
## Conclusion

The Report and Recommendation [9] is **ADOPTED in Part and REJECTED in Part**. It is adopted to the extent it recommends the denial of Rush's motion to proceed in forma pauperis; it is rejected to the extent it recommends the dismissal of Rush's claims for lack of subject matter jurisdiction. Rush has fourteen (14) days from the date of this order to amend his complaint. If Rush fails to amend his complaint within the time allowed, his case will be dismissed without further notice for failure to state a claim. Rush's motion to proceed in forma pauperis [2] is **DENIED**.

**SO ORDERED**, this 21st day of February, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**